DOUGLAS D. HOLTHAUS (SBN 74560)
HOLTHAUS apc
419 La Crescentia Dr.
San Diego, California 92106
Email: ddh@holthaus.org
Telephone: 619-225-8353/619-871-8151
Facsimile: 619-225-0796

Attorneys for PLAINTIFF MICHAEL HERMAN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL HERMAN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> NORTH AMERICAN COMMUNICATIONS, INC., <br><br> Defendant. | Case No. **'17CV1769 BEN NLS** <br><br> **COMPLAINT FOR DAMAGES** <br><br><br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff MICHAEL HERMAN, for causes of action against Defendants, and each of them, alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff MICHAEL HERMAN, ("Plaintiff" or "Herman") is an individual residing in the City and County of San Diego, state of California, within the jurisidciton of this Court.

2. Defendant NORTH AMERICAN COMMUNICATIONS, INC., ("Defendant" or NAC") is a corporation organized and existing under the laws of the commonwealth of Pennsylvania and conducting, and having conducted, business within the jurisidction of this Court.

- 1 -
COMPLAINT

3. The acts, events, breaches, wrongs and defaults occurred within the jurisidction of this Court.

4. The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC §1332. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiff is informed and believes and thereupon alleges that, at all times herein alleged, defendants, and each of them, were acting as the agents, servants, employees, employers, conspirators, venturers, partners and/or subsidaries of each other, and in doing the wrongful acts herein alleged, were acting within the course and scope of such agency, relationship, arrangement and/or employment.

## GENERAL ALLEGATIONS

6. On or about June 21, 2013, Plaintiff and Defendant entered upon that certain *Retirement Agreement* ("Agreement") whereby in consideration of Plaintiff's resignation as a member of the board of directors of NAC, NAC would in turn pay Plaintiff certain retirement benefits including bi-monthly installments of sixty-five thousand dollars ($65,000) commencing upon Plaintiff's termination date for a total of ten years. A copy of the Agreement together with Plaintiff's resignation from the NAC board of directors are attached to this Complaint marked Exhibits "A" and "B" respectively.

7. From and following June 21, 2013, Plaintiff received payments from NAC totalling one million seven hundred thirteen thousand dollars ($1,713,000).

## FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

8. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 7 as though fully set forth herein

9. From and following the receipt of the foregoing sums, Defendant has made no payments to Plaintiff, although demand has been made therefore, and there is currently due, owing and unpaid, the sum of four million, seven hundred eighty-six thousand, six hundred sixty-four dollars, ($4,786,664) a

copy of Plaintiff's demand for payment is attached hereto and marked as Exhibit "C" and incorporated herein by reference.

10. Plaintiff has done all things on his part to be done in accordance with the Agreement, including the tendering of his resignation from the board of NAC as evidenced by Exhibit "B" hereof, except for such matters, if any, that Plaintiff was prevented from undertaking and performing due to Defendant's wrongful conduct.

11. Defendant NAC's failure and refusal to pay the sums owed pursuant to the Agreement, was wrongful, without excuse, or justification and constituted a breach of the Agreement.

12. The Agreement further provides that in the event of legal proceedings for breach of the Agreement, the prevailing party will be entitled to attorneys' fees and costs and pursuant to California Civil Code § 1717.  Plaintiff is also the beneficiary of such attorneys' fees provision.

13. As a direct and proximate result of Defendant's breach of the Agreement, Plaintiff has sustained damage and injury all to his loss in the sum $4,786,664 which losses continue to accrue from, and following the date of this Complaint at the rate of $130,000 per month until paid in full.

## SECOND CAUSE OF ACTION

### QUANTUM MERUIT

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff is informed and believes and thereupon alleges that during the last forty years, Plaintiff formed, operated, developed, and built NAC into an influential, dynamic, profitable and well-run printing company with offices and facilities located throughout the United States and Mexico. During those years, Plaintiff invested his time, effort, labor, skills, influence, trust and opportunities ("Investments") to and for the benefit of NAC and without such Investments, NAC would not be the successful and profitable entity that it was at the time of the Agreement through the present.

16. Plaintiff's retirement payments as provided in the Agreement were in compensation for his Investments in NAC and NAC was enriched by such Investments however, Plaintiff was denied the compensation bargained for and to be received by the terms of the Agreement.

17. Plaintiff is therefore entitled to compensation in the form of *quantum meruit* for his Investments into NAC in the sum computed at the rate of $130,000 per month commencing June 21, 2013 and through the present with NAC being credited in the sum of $1,700,000 for payments made pursuant to the Agreement.

## THIRD CAUSE OF ACTION

### BAD FAITH DENIAL

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 17 as though fully set forth herein.

19. The Agreement included an implied Covenant of Good Faith and Fair Dealing, which operated to prohibit either party to the Agreement from doing any act or refusing to perform an act which would deny to the other the fruits and benefits reasonably anticipated to be received by a party's performance thereon.

20. At all times herein mentioned, Plaintiff has done all the acts and refrained from doing prohibited acts, as required by the Agreement including, without limitation, resigning as a member of the board of directors of NAC and further observing all of the covenants of the Agreement on his part to be observed.

21. Defendant NAC's failure and refusal to make payments under the Retirement Agreement as alleged above was a violation of the Covenant of Good Faith and Fair Dealing.

22. Plaintiff is informed and believes and thereupon alleges that Defendant's officers have repudiated and denied any obligation on the part of Defendant to pay the balance owed under the Agreement, or any sum whatsoever.

23. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, and including the present, Defendant possessed adequate funds to pay a substantial portion of the past due sums owed to Plaintiff but it has diverted those funds to enrich Defendant's officers and directors by payment of six figure bonuses and associated disbursements.

24. As a direct and proximate result of Defendant's bad faith conduct including denying a subsisting obligation to pay what is owed under the Agreement, Plaintiff has sustained damages equal to

the remaining sum owed including future scheduled payments, and such other and further losses proven at time of trial.

## JURY DEMAND

25. Plaintiff demands a trial before a jury for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment against Defendant, and each of them, for the following:

1. compensatory damages for the sum of no less than $4,786,664 in accordance with proof at trial;

2. special damages in accordance with proof at trial;

3. reasonable attorney's fees pursuant to California Civil Code § 1717;

4. prejudgment interest on all sums found due;

5. costs and expenses of suit herein incurred; and

6. such other and further relief as the Court deems just and appropriate.

DATED: August 28, 2017        HOLTHAUS apc

By: _____
Douglas D. Holthaus, Esq.
Attorneys for Plaintiff MICHAEL HERMAN