HOLTHAUS APC
Douglas D. Holthaus (SBN 74560)
Email: DDH@Holthaus.Org
Keith K. Hilton (SBN 288955)
Email: Keith@Holthaus.Org
419 La Crescentia Dr.
San Diego, California 92106
Telephone: 619-225-8353/619-871-8151
Facsimile: 619-225-0796

Attorneys for PLAINTIFF MICHAEL HERMAN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL HERMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH AMERICAN COMMUNICATIONS, INC. a Pennysylvania corporation; NICHOLAS ROBINSON, an individual; ROBERT HERMAN, an individual,<br><br>Defendant. | Case No. 17 CV 1769 BEN NLS<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF WRITTEN CONTRACT, *QUANTUM MERUIT*, BAD FAITH, UNJUST ENRICHMENT, VIOLATION OF THE UNIFORM FRAUDULENT TRANSFER ACT, ("UFTA"), FRAUD & MISREPRESENTATION, NEGLIGENT MISREPRESENTATION, FRAUDULENT CONVEYANCE, TRANSFER TO AVOID CREDITORS AND DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**ELECTRONICALLY FILED** |

Plaintiff MICHAEL HERMAN, for causes of action against Defendants and each of them, alleges as follows:

///

///

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff MICHAEL HERMAN, ("Plaintiff" or "Michael") is an individual residing in the City and County of San Diego, state of California, within the jurisidiction of this Court.

2. Defendant NICHOLAS ROBINSON ("Robinson") is an individual residing in the state of New York.

3. Defendant ROBERT HERMAN ("R. Herman") is an individual residing in the state of Texas.

4. Defendant NORTH AMERICAN COMMUNICATIONS, INC., ("Defendant" or "NAC") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and conducting, and having conducted, business within the jurisidiction of this Court.

5. On information and belief, certain of the acts, events, breaches, wrongs and defaults occurred within the jurisidiction of this Court.

6. The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC §1332.  The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Plaintiff is informed and believes and thereupon alleges that, at all times herein alleged, defendants, and each of them, were acting as the agents, servants, employees, employers, conspirators, venturers, partners and/or subsidaries of each other, and in doing the wrongful acts herein alleged, were acting within the course and scope of such agency, relationship, arrangement and/or employment.

## GENERAL ALLEGATIONS

8. On or about June 21, 2013, Plaintiff and Defendant entered upon that certain *Retirement Agreement* whereby in consideration of Plaintiff's resignation as a member of the board of directors of NAC, NAC would in turn pay Plaintiff certain retirement benefits including bi-monthly installments of sixty-five thousand dollars ($65,000) commencing upon Plaintiff's resignation date of June 21, 2013 and continuing for a period of ten (10) years thereafter ("Retirement Benefits").  A copy of the Agreement together with Plaintiff's resignation from the NAC board of directors are attached to this Complaint marked Exhibits "A" and "B" respectively.

9. From and following June 21, 2013, Plaintiff received payments from NAC totaling one million seven hundred thirteen thousand dollars ($1,713,000).

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

10. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 9 as though fully set forth herein

11. From and following the payment of the sums detailed in Paragraph 9 above, payments of the Retirement Benefits ceased and Defendant has made no further payment to Plaintiff, although demand has been made therefore, and there is currently due, owing and unpaid, the remaining balance of the Retirement Benefits totaling thirteen million, eight hundred eighty-seven thousand dollars, ($13,887,000).  Plaintiff's demand to NAC for payment of the

Retirement Benefits is attached hereto and marked Exhibit "C" and incorporated herein by reference.

12. Plaintiff has done all things on his part to be done in accordance with the Retirement Agreement, including tendering his resignation from the board of directors of NAC as evidenced by Exhibit "B" hereof, excepting for those matters, that Plaintiff was and has been prevented from undertaking and performing due to Defendant's wrongful conduct.

13. Defendant NAC's failure and refusal to pay the sums remaining owed pursuant to the Retirement Agreement, was wrongful, without excuse, or justification and constituted a breach thereof.

14. The Release provisions of the Reitrement Agrement further provides for an award of attorneys' fees and costs incurred by NAC and defending against claims asserted by Plaintiff. In accordance with the recriporcal entitlement and enforcement provisions of California Civil Code § 1717, Plaintiff has incurred attorneys' fees and costs in prosecuting this instant action and therefore is entitled to his attorneys' fees and costs in addition to the judgments delineated in the Prayer hereinbelow.

15. As a direct and proximate result of Defendant's breach of the Retirement Agreement, Plaintiff has sustained damage and injury all to his loss in the sum $13,887,000.

## SECOND CAUSE OF ACTION

### *QUANTUM MERUIT*

16. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 15 as though fully set forth herein.

///

17. Plaintiff is informed and believes and thereupon alleges that during the last forty (40) years, Plaintiff formed, operated, developed, and built NAC into an influential, dynamic, profitable and well-run organization with offices and facilities located throughout the United States and Mexico, including within two jurisdictions of this Court.  During those years, Plaintiff invested his time, effort, labor, skills, influence, trust and opportunities ("Investments") to and for the benefit of NAC, and without such Investments, NAC would not be the successful and profitable entity that it was at the time of the Retirement Agreement through the present.

18. Plaintiff's Retirement Benefits as provided in the Retirement Agreement, were in compensation and consideration for his Investments in NAC and NAC was enriched by such Investments.  However, Plaintiff was denied the compensation bargained for and to be received by the terms of the Retirement Agreement.

19. Plaintiff is therefore entitled to compensation in the form of an award of *quantum meruit* for his Investments in NAC in the sum of $13,887,000.

## THIRD CAUSE OF ACTION

### BAD FAITH

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 19 as though fully set forth herein.

21. The Retirement Agreement included an implied covenant of good faith and fair dealing, which operated to prohibit NAC from undertaking any act or refusing to perform an act which would deny Michael the fruits and benefits reasonably anticipated from the Retirement Agreement.

///

22.     At all times herein mentioned, Plaintiff has done all the acts required by the Retirement Agreement including, without limitation, resigning as a member of the board of directors of NAC, and otherwise observing the restrictive covenants of the Retirement Agreement on his part required.

23.     Defendants' failure and refusal to make payments under the Retirement Agreement was a violation of the covenant of good faith and fair dealing on their part to be observed.

24.     Plaintiff is informed and believes and thereupon alleges that Defendant has repudiated and denied any obligation on their part to pay the balance owed under the Agreement, or any sum whatsoever.

25.     Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, including at the present, Defendant possessed and possesses adequate funds to pay all or a substantial portion of the sums owed Plaintiff but have, instead, diverted those funds to enrich Defendants.

26.     As a direct and proximate result of Defendant's bad faith conduct including denying a subsisting obligation to pay what is owed under the Retirement Agreement, Plaintiff has sustained damages equal to the remaining sum owed including future scheduled payments, and such other and further losses proven at time of trial.

## FOURTH CAUSE OF ACTION

<u>FRAUDULENT AND VOIDABLE TRANSFER</u>

27.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is informed and believes that at all times herein mentioned, excepting for the facts set forth in this cause of action, Defendant NAC was solvent in that its assets exceeded NAC's debts and NAC was generally able to meet its debts as they became due.

29. On or about 2016 Defendants Robinson and R. Herman, and each of them, transferred, concealed and/or removed from NAC, sums exceeding $2,000,000 and converted those sums to their own and personal use and benefit, to the exclusion of Plaintiff; NAC intended to conceal and cloak those sums as assets of NAC which otherwise would have been available to partially satisfy, service and pay the benefits under the Retirement Agreement owed to Plaintiff.

30. Such a transfer was in violation of *Uniform Fraudulent Transfer Act,* California Civil Code §§ 3439 – 3439.12, as well as the Pennsylvania *Uniform Fraudulent Transfer Act*, 12 Pa.C.S.A. § 5101 et seq.

31. Plaintiff is informed and believes that as a "creditor" having a claim and possessing a debt, which debt is secured by a lien as defined in California Civil Code § 3439 (b-f).

32. Plaintiff is infomed and believes that the transfer of the significant sum from NAC to Robinson and R. Herman was intended to hinder, delay, and defraud creditors including Plaintiff; was made without NAC receiving a reasonably equivalent value in exchange for the transfer; that the remaining assets of NAC, after such transfer(s), were unreasonably small in relation to the business and/or transactions, it was engaged in or committed to, and was made to "insiders"; that the transfers to Robinson and R. Herman were concealed, hidden, serreptitious and not disclosed; the transfers made contemporaneously with Plaintiff's threat of suit; that

NAC removed and concealed its assets; that NAC was insolvent or became insolvent as a result of and shortly after the transfers were made to Robinson and R. Herman and that the transfers occurred shortly before or after a substantial debt to asset lender, AloStar Commerce Bank was incurred.

33. Defendants, and each of their participation in the fraudulent transfer described in this cause of action was wrongful, unlawful and was intended to damage, injure and violate the rights of Plaintiff.

34. Defendants, and each of their conduct was willful, fraudulent, wrongful, malicious, vexatious, and in violation of the civilized norms of society, therefore justifying the imposition of punitive and exemplary damages.

35. By virtue of the fraudulent transfer alleged in this cause of action, Defendants and each of them, are legally required to disgorge the total value of the transfers made to Defendants Robinson and R. Herman and each of them return such funds to NAC, for disbursement to Plaintiff in partial satisfaction of the monies owed to him pursuant to the Retreiment Agreement.

### FIFTH CAUSE OF ACTION

### FRAUD

36. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is informed and believes that Defendants Robinson and R. Herman were aware of NAC's financial condition at the time the payment of approximately $2,000,000 was paid to them collectively and were further aware that by distribution of those sums to each such

Defendant, NAC would be rendered incapable of satisfying its obligations pursuant to Plaintiff's Retirement Agreement.

38. Being aware of the restriction of the use of NAC funds by AloStar Commerce Bank, said Defendants distributed to themselves and to the exclusion of trade and contract creditors a sum in excess of $2,000,000 thereby rendering NAC insolvent and unable to meet its obligations in a timely manner.

39. Defendants Robinson and R. Herman therefore hold the sums paid to and possessed by them as creditors of NAC for the benefit of Plaintiff.

## SIXTH CAUSE OF ACTION

### UNJUST ENRICHMENT

40. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is infomed and believes that by virtue of the circumstances of Defendants Robinson and R. Herman's ascession to funds exceeding $2,000,000 from NAC, they, and of them, hold those monies as involuntary trustees for the benefit of NAC's creditors for specifically the benefits under the Retirement Agreement owed Plaintiff.

## SEVENTH CAUSE OF ACTION

### CONSTRUCTIVE TRUST

42. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 40 as though fully set forth herein.

///

///

43. Plaintiff is informed and believes that by virtue of Defendants Robinson and R. Herman diverting assets of NAC to themselves personally, with no benefit deriving to Defendant NAC, such transfer was wrongful and fraudulent.

44. As a consequence of Defendants Robinson and R. Herman's conduct as alleged, they, and each of them, are constructive trustees of the monies paid over and applied to their personal and non NAC purposes, all for the benefit of Plaintiff as the beneficiary of such constructive trust.

## EIGHTH CAUSE OF ACTION

### DECLARATORY JUDGMENT

45. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 44 as though fully set forth herein.

46. Defendants, and each of them, were bound by the terms of the Retirement Agreement.

47. Defendants, and each of them, breached the Retirement Agreement through the actions set forth above.

48. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., this Court may declare the rights and other legal relations of any interested party.

49. There exists a real and actual controversy between Michael and Defendants.

50. The interests of the parties will be best served if this Court will enter a declaratory judgment setting forth the rights of the parties with respect to the this dispute including as follows:

      a.      That the Retirement Agreement's restriction on competition is of no force or effect due, *inter alia*, to a failure of consideration and Defendants repudiation of the Agreement;

      b.      That the Retirement Agreement's restriction on solication of NAC personnel is of no force or effect due, *inter alia*, to a failure of consideration;

      c.      That the Retirement Agreement's restriction on Michael's defeasance is unenforceable and of no force or effect due, *inter alia*, to a failure of consideration;

      d.      That the solvencey restrictions of the Retirement Agreement are of no force or effect; and

      e.      That the purported restriction of the Retirement Agreement specified in Section 1.19 against assignment of the Agreement and as otherwise contained therein, be found of no further force or effect.

51.      By virtue of Defendants' breach, repudiation, and non performance of the Retirement Agreement justify acceleration and immediate payment of the unpaid balance of principal owed pursuant to the Retirement Agreement.

52.      The relief sought by Plaintiff will substantially resolve the controversy relative to the respective interests of Plaintiff and Defendants.

53.      A declaratory judgment is particulary approproriate for issues of contractual interpretation as are herein presented.

## **JURY DEMAND**

54.      Plaintiff demands a trial before a jury for all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays judgment against Defendant, and each of them, for the following:

1. compensatory damages for the sum of no less than $13,887,000 in accordance with proof at trial;

2. special damages in accordance with proof at trial;

3. for general damages in accordance with proof;

4. a declaration of the rights and responsibilities of Plaintiff and Defendants be rendered by this Court adjudging and granting relief to Plaintiff;

5. reasonable attorney's fees pursuant to California Civil Code § 1717;

6. prejudgment interest on all sums found due;

7. costs and expenses of suit herein incurred; and

8. such other and further relief as the Court deems just and appropriate.

DATED: October 16, 2017              HOLTHAUS APC

By: ___/s/ *Douglas D. Holthaus*___
Douglas D. Holthaus, Esq.
Attorneys for Plaintiff
MICHAEL HERMAN